# Sophia Werst *v.* The Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Contributory negligence—Province of court and jury.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, the question of the deceased's contributory negligence and the defendant's negligence is for the jury where the evidence shows that the deceased was a car inspector in a yard jointly used by the company which employed him and by the defendant company; that a rule of the yard provided that a blue flag should be placed in the daytime on the end of a car to denote that car inspectors were at work under or about the car; that the deceased placed a blue flag on the railroad track at a sufficient distance from the car under which he was at work to protect him if it had been seen by the conductor of the train which struck him; and that the accident occurred at about 2 o'clock in the afternoon of a clear day.

Argued March 6, 1899. Appeal, No. 199, Jan. T., 1898, by defendant, from judgment of C. P. Northampton Co., June T., 1896, No. 53, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before SCHUYLER, P. J.

At the trial it appeared that Levi Werst, the husband of the plaintiff, was a car inspector in the employ of the Central Railroad Company of New Jersey. About 2 o'clock in the afternoon of a clear day, February 20, 1896, while he was engaged in the inspection of some cars which were standing in the yard of the Philadelphia & Reading Railroad Company, a coal train belonging to the defendant was backed in on the same track and collided with the cars which he was inspecting, in consequence of which he was caught between the bumpers and killed.

. A rule of the two companies provided that "a blue flag by day and a blue light by night, placed on the end of a car, denote that car inspectors are at work under or about the car or train. The car or train thus protected must not be coupled to or moved, until the blue signal is removed by the car inspectors."

The evidence tended to show that the deceased placed a blue flag on the railroad track at a sufficient distance from the car

under which he was at work to protect him if it had been seen by the conductor of the train which struck him.

The court refused to direct a verdict for the defendant.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was refusal to direct a verdict for defendant.

*William Fackenthall,* for appellant.—The use of a railroad track, except at public crossings, is exclusively for the company and its employees : Phila. & Reading R. R. Co. v. Hummell, 44 Pa. 375 ; Cauley v. Pittsburg, Cincinnati, etc., Ry. Co., 95 Pa. 398.

If a master is engaged in a complex business that requires definite regulations for the safety and protection of his employees, a failure to adopt proper rules, as well as laxity in their enforcement, is negligence per se, and the establishment of defection or improper rules is such negligence as renders the master responsible for all injuries resulting therefrom. When the servant has notice or knowledge of a dangerous custom or practice adopted by his employer in the prosecution of his business, by entering into or remaining in the service, he assumes all risks incident thereto, and the same is true when he knows that no suitable rules or regulations have been adopted for the management of the business : Patterson's Railway Accident Law, 298 ; Wood on Master and Servant (1st ed.), 778, sec. 403 ; Vose v. Lancashire, etc., Railway Company, 2 H. & N. 728 ; Haskin v. R. R. Co., 65 Barb. 129 ; Haynes v. East Tennessee, etc., R. R. Co., 3 Cold. 222 ; Boems v. C. R. I. & P. R. Co., 10 Am. & Eng. Railroad Cases (Iowa), 658 ; Slater v. Jewett, 85 N. Y. Rep. 61 ; Lake Shore, etc., R. R. Co. v. Lavally, 36 Ohio, 221 ; Central R. R. Co. v. Mitchell, 63 Georgia, 173 ; Atchison, Topeka & Santa Fé R. R. Co. v. Plunkett, 2 Am. & Eng. R. R. Cases (Kansas), 128 ; Shehan v. N. Y., etc., R. R. Co., 12 Am. & Eng. R. R. Cases, 235 ; Luebke v. Chicago, etc., Ry. Co., 15 Am. & Eng. R. R. Cases, 183 ; McGrath v. N. Y., etc., R. R. Co., 18 Am. & Eng. R. R. Cases (Mass.), 5 ; Morgan v. Ore & Iron Co., 133 N. Y. 666 ; Lewis v. Seifert, 116 Pa. 628 ; Ross v. Walker, 139 Pa. 48.

*H. S. Cavanauch,* with him *H. G. Stiles,* for appellee, cited

Vannatta v. R. R. Co., 155 Pa. 262; Manayunk, etc., Livery Stable Co. v. Union Traction Co., 7 Pa. Superior Ct. 104.

PER CURIAM, March 27, 1899:

The only assignments of error in this case are the refusal of the court below to direct a verdict for the defendant. We do not see how the court could have taken the case from the jury. There was evidence that the blue flag was placed on the railroad track at a sufficient distance from the car under which the deceased was at work to protect him if it was seen by the conductor of the defendant's train. The accident occurred at about 2 o'clock in the afternoon, and the day was clear. The question whether the men on the defendant's train ought to have seen the flag was essentially for the jury. If their omission to see it was negligence, the defendant was liable, and that question could only be decided by the jury.

Judgment affirmed.